IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DCSE/CLEMENTINE PARKER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-744-LPS |
| | : DCSE: 460113 |
| STEPHANIE PARKER, | : Del. Fam. Ct. CS04-1325 |
| Defendant. | : |

Stephanie Parker, Seaford, Delaware, Pro Se Defendant.

**MEMORANDUM OPINION**

November 8, 2010
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

The Plaintiff, Stephanie Parker ("Parker") of Seaford, Delaware, removed this case from the Family Court for the State of Delaware in Sussex County on August 31, 2010. (D.I. 2) She appears pro se and, on September 10, 2010, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 5) For the reasons discussed below, the Court will summarily remand the case to State Court.

## II. BACKGROUND

Parker removed this matter from the Delaware Family Court. The civil cover sheet prepared indicates the basis for jurisdiction is a federal question. The Notice of Removal states the case is filed under 28 U.S.C. § 1331, § 1343, § 1443(1), § 1443(2), and § 1446 as well as 42 U.S.C. § 1982, § 1983, and § 1985(3). It describes the case as a workers' compensation case and alleges that, due to her race, Wal-Mart has delayed Parker's benefits. Parker states that she "cannot receive a fair, State of Delaware civil court hearing, in which is thus totally, unconstitutional." (D.I. 2) Exhibits filed with the Notice of Removal consist of Parker's medical records.

## III. STANDARD OF REVIEW

In order for a case to be removable to the district court, this Court must have original jurisdiction due to either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be

removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.*

The removal statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based upon improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

## IV. DISCUSSION

Parker filed her Notice of Removal pursuant to 28 U.S.C. § 1331 (i.e., federal question), 1443(1) and (2) (i.e., removal of civil rights cases), § 1343 (i.e., civil rights and elective franchise), and § 1446 (i.e., procedure for removal). It is clear from the Notice of Removal that Parker believes she will not be treated fairly by the State Court hearing her worker's compensation claim.

Section 1445 of the removal statute states, "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445. For this reason alone, Parker's case must be remanded.

To the extent Parker seeks removal under § 1443, said section permits removal of a state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443. The Supreme Court has articulated a two-pronged test for removal under § 1443(1): a state court defendant must demonstrate both (1) that she is being deprived of rights guaranteed by a federal law "providing for . . . equal civil rights"; and (2) that she is "denied or cannot enforce that right in the courts" of the state. *State of Georgia v. Rachel*, 384 U.S. 780, 788 (1966); *see also Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997).

While Parker alleges that she will not be treated fairly, thus implicating a civil rights violation, there are no allegations of past discrimination by the State Court in its rulings against her. Parker's allegations speak, instead, to speculative future discrimination. That is, Parker alleges she "will be" treated unfairly or unconstitutionally, not that she has been treated in that manner. Parker's allegations are insufficient to support an inference of discrimination. Moreover, there are no allegations to suggest that, if in fact Parker's rights have been violated, an appeal to the state appellate courts would be ineffective to vindicate those rights. *See* 28 U.S.C. § 1443(1); *State of Georgia v. Rachel*, 384 U.S. at 788; *Davis v. Glanton*, 107 F.3d at 1047. Accordingly, Parker has not established her entitlement to removal pursuant to § 1443(1). *See generally City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) ("Under § 1443(1), the

3

vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted . . . that those rights will inevitably be denied . . . .").

Parker's alternative basis for removal, § 1443(2), fares no better. This section pertains to removal by federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights. *See Peacock*, 384 U.S. at 814-15. Thus, this provision has no application here.

Finally, Parker failed to comply with the requisites for removal. She did not provide for the Court's review any copies of process, pleadings, or orders from the state civil proceeding. *See* 28 U.S.C. § 1446(a). Nor does it appear that she gave notice of the removal to the Plaintiffs, DCSE or Clementine Parker. Based upon the foregoing, it is clear from the face of the Notice of Removal and the exhibits provided by Parker that removal cannot be permitted.

## V.    **CONCLUSION**

For the above reasons, the Court will summarily remand the case to the Family Court of the State of Delaware, Sussex County. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DCSE/CLEMENTINE PARKER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-744-LPS |
| | : DCSE: 460113 |
| STEPHANIE PARKER, | : Del. Fam. Ct. CS04-1325 |
| Defendant. | : |

## ORDER

At Wilmington this 8th day of November, 2010, consistent with the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

The case is SUMMARILY REMANDED to the Family Court of the State of Delaware, Sussex County.

_____
UNITED STATES DISTRICT JUDGE